**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14 C 807 |
| v. | Judge James B. Zagel |
| DANIEL TORRES. | |

## MEMORANDUM OPINION AND ORDER

Daniel Torres was charged with conspiracy to knowingly and intentionally possess with the intent to distribute in excess 5 kilograms of cocaine and 1 kilogram of heroin. On March 24, 2010, Torres entered a guilty plea pursuant to a written plea agreement. The Court sentenced Torres to 138 months' incarceration on January 23, 2013.

Torres now brings a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. For the following reasons, I am denying the Petition as well as any request for a certificate of appealability.

## LEGAL STANDARD

A prisoner convicted of a federal crime may move the district court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. To be successful, a petitioner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Relief is only available in cases where jurisdictional or constitutional errors have caused a "complete miscarriage of justice." *Harris v. U.S.*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). This is an "extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who

already has had an opportunity for full process." *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007).

## BACKGROUND AND DISCUSSION

Torres was a cocaine distributor for the drug trafficking organization run by Pedro and Margarito Flores. He delivered more than 1,000 kilograms of cocaine for the organization, and was paid at least $150,000 for his work. When he was charged with participating in a drug conspiracy under 21 U.S.C. § 846, he decided to cooperate with the government in exchange for a reduced sentence. Torres engaged in numerous proffer sessions with the government, testified in the grand jury, and testified at the trials of *United States v. Smith, et al.*, 08 CR 1053 and *United States v. Collins*, 09 CR 673. Had Torres chosen not to cooperate with the government, he was facing a mandatory minimum sentence of 20 years' imprisonment, given his two prior felony drug convictions.

In the plea agreement, Torres agreed that his offense level was 35 and that his criminal history category was III, which resulted in an advisory guidelines range of 210-262 months' imprisonment. Because of his cooperation, however, the plea agreement stated that the government would move under Guideline § 5K1.1 and 18 U.S.C. § 3553(e) to depart from the applicable Guideline range and statutory minimum sentence. The plea agreement was clear that the sentence would be governed by Rule 11(c)(1)(C) and that the sentence imposed by the Court would be 66 percent of the low end of the applicable guideline range or 66 percent of the statutory minimum sentence, whichever is greater. Because the anticipated low end of the guideline range was 210 months, the plea agreement called for a sentence of 138 months' imprisonment.

At his change of plea hearing, Torres confirmed that he had reviewed the terms of his plea agreement:

> THE COURT: Mr. Torres, I'm holding up a document entitled plea agreement, have you seen this before (indicating)?
>
> DEFENDANT TORRES: Yes, Your Honor.
>
> THE COURT: Have you read this?
>
> DEFENDANT TORRES: Yes, Your Honor.
>
> THE COURT: Are there any agreements or promises that have been made to you that are not contained in this writing?
>
> DEFENDANT TORRES: No, Your Honor.
>
> THE COURT: Did you discuss it with your lawyer after you read it?
>
> DEFENDANT TORRES: Yes, Your Honor.
>
> THE COURT: And after you read it and discussed it with your lawyer, did you sign it where I'm pointing my finger (indicating)?
>
> DEFENDANT TORRES: Yes, Your Honor.

Torres now argues that he received ineffective assistance of counsel because, according to Torres, his lawyer told him that he could receive a sentence as low as seven years in custody if he accepted the plea agreement and cooperated.

Ineffective assistance of counsel claims raised in § 2255 motions are reviewed under *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984). To establish such a claim, a defendant must furnish evidence that (1) his prior counsel's performance fell below an objective standard of reasonableness and (2) that counsel's deficiencies prejudiced the defendant. *Strickland*, 466 U.S. at 688-92.

Here, Torres cannot show that his counsel's alleged deficiencies prejudiced him. The

written plea agreement was clear. It stated that Torres' expected Guideline range was 210 to 262 months' imprisonment and that the parties agreed the sentence would be 66 percent of the low end of the applicable guideline range or 66 percent of the statutory minimum sentence, whichever is greater. Torres told the Court that he read his plea agreement, discussed it with his lawyer, and that there were no side agreements or promises that were not contained in the written agreement. Had he not pled guilty and gone to trial instead, Torres would have received a much higher sentence.

## CONCLUSION

The Petition is denied. Because reasonable jurists could not debate whether the Petition should have been resolved in a different manner, I am declining to issue a certificate of appealability.

ENTER:

James B. Zagel
United States District Judge

DATE: May 24, 2016